NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN ALEXIS LOPEZ-VARGAS, AKA Christian Alexis Lopez, | No.  18-71736 18-72820 |
| Petitioner, | Agency No. A205-319-852 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Christian Alexis Lopez-Vargas, a native and citizen of Mexico, petitions for

review of two Board of Immigration Appeals' (BIA) decisions.  The first denied

Lopez-Vargas's application for cancellation of removal, and the second denied his

motion to reconsider the first order and reopen his removal proceedings to apply

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, protections under the Convention Against Torture (CAT), and adjustment of status. To the extent that we have jurisdiction, it is under 8 U.S.C. § 1252. We deny the petition.

1. <u>We lack jurisdiction over the initial denial of cancellation of removal, and we hold that the BIA did not abuse its discretion in denying Lopez-Vargas's motion to reconsider the issue.</u> Generally, "[t]his court lacks jurisdiction to review the merits of a discretionary decision to deny cancellation of removal." *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019). "Although we retain jurisdiction to review due process challenges, a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). "Thus, to invoke our jurisdiction, a petitioner must allege at least a colorable constitutional violation." *Id.* Lopez-Vargas argues that the BIA violated his due process rights by determining that the record of proceedings—which omitted part of his wife's testimony—was sufficient to adequately review the Immigration Judge's (IJ) decision to deny his application for cancellation of removal. However, "[t]o establish a due process violation, a petitioner must show that defects in translation prejudiced the outcome of the hearing." *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Lopez-Vargas has not made that showing, and we are thus divested of jurisdiction over the BIA's initial order denying cancellation of

removal. *See Torres-Aguilar*, 246 F.3d at 1271.

Next, we review Lopez-Vargas's second challenge of the BIA's decision declining to reconsider cancellation of removal for an abuse of discretion. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). This claim fails, however, as Lopez-Vargas did not identify any factual errors in the agency's discussion of his cancellation claim, and he has not shown that any omitted testimony would have changed the agency's determination. Accordingly, the BIA's decision was not an abuse of discretion. *See* 8 C.F.R. § 1003.2(b)(1); *Singh v. Ashcroft*, 367 F.3d 1139, 1143–44 (9th Cir. 2004).

2. <u>The BIA did not abuse its discretion in denying Lopez-Vargas's motion to reopen to apply for asylum and withholding of removal.</u> Lopez-Vargas asserts that his father-in-law was killed by the cartel. He also asserts that his mother's family will harm him if he returns to Mexico because they resent his mother's opposition to their cartel involvement. "[I]n some circumstances, a family constitutes a social group for purposes of the asylum and withholding-of-removal statutes." *Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002). But Lopez-Vargas does not identify any particular social group on account of which he fears persecution, vaguely noting only that he fears persecution based on his relationship to his father-in-law and mother. And he has not shown any harms to his family that "create a pattern of persecution closely tied to" him or otherwise establish

3

persecution based on his family status. *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). Lopez-Vargas similarly fails to articulate how his claim that he was kidnapped and beaten by gang members because he was from the United States amounts to persecution on account of his membership in a particular social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("'[R]eturning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group."). Because Lopez-Vargas has not established that he belongs to a cognizable particular social group, he has not set forth a prima facie case of eligibility for asylum or withholding of removal, and the BIA thus did not abuse its discretion in denying the motion to reopen. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016)

3. The BIA did not abuse its discretion in denying Lopez-Vargas's motion to reopen to apply for CAT protections. Lopez-Vargas stated that the BIA abused its discretion in determining that he did not establish prima facia eligibility for protections under CAT, but he did not provide any argument to support that contention—mentioning nothing about the likelihood of torture with the consent or acquiescence of the Mexican government. He has thus failed to demonstrate that the BIA's decision was an abuse of discretion.

4. The BIA did not abuse its discretion in declining to reopen the proceedings to enable Lopez-Vargas to apply for adjustment of status. Before the

4

BIA, Lopez-Vargas asserted a new argument that he is not inadmissible as an alien who is present without being admitted or paroled because he "was admitted from Mexico when an officer allowed the car in which he was a passenger to enter the United States after the driver spoke with the officer." *See Lezama-Garcia v. Holder*, 666 F.3d 518, 528 (9th Cir. 2011) (quoting *In re Quilantan*, 25 I. & N. Dec. 285, 291 (BIA 2010)). However, Lopez-Vargas previously conceded removability. Moreover, "[a] motion to reopen proceedings shall not be granted unless . . . that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c). Lopez-Vargas did not make that showing, as the nature of his entry was certainly discoverable at the earlier proceedings.[1]

    **DENIED.**

---

[1] To the extent that he blames his former attorney for these errors, he has not complied with the *In re Lozada* requirements for an ineffective assistance of counsel claim, 19 I. & N. Dec. 637 (BIA 1988).